# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 12CR2414 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| JORGE ABEL CASTELLANOS-GUTIERREZ (3), RODRIGO ORTIZ-CERVANTES (4), JOSE ANGEL SAMANIEGO, JR. (5), EDGAR OMAR JIMENEZ-DOMINUEZ (6), EDGAR OMAR CERDA (8), JOSE TITANO AQUININGOC (9), JOANNA VANESA ANGULO (10), ISRAEL BARRETO (11), EFRAIN ALBERTO ZAVALA (12), IVAN MACIAS-GONZALEZ (13), CHRISTIAN ARZOLA (15), JORGE MARTINEZ-HERRERA (16), VIRGINIA GAMEZ (17), JOSE ALFREDO PINTOR-COVARRUBIAS (18), ALAN JOWANNY PINA (19), | |
| Defendants. | |

HAYES, Judge:

In the matter before the Court, the Defendant Rodrigo Ortiz-Cervantes moves the Court to declare this case complex and exclude time pursuant to Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* (Doc. #112). All Defendants and the Government agree that the case is appropriate to declare complex. The Government and the Defendants rely upon the voluminous discovery materials including reports, documents, wiretapped phone calls, search warrant materials,

1  recorded conversations, video surveillance, photographs, and pen registers intercepts.

2  Section 3161(h)(7)(A) provides that the Court may exclude any period of delay resulting from a continuance "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Factors which a judge shall consider in determining whether to grant a continuance under subparagraph (B) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established..." Section 3161(h)(7)(B)(ii). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983).

Based upon the large volume of discovery, the Court concludes that it would be unreasonable to expect defense counsel to be able to adequately prepare for pretrial proceedings or for the trial itself within the time limits established under Section 3161, et seq., taking into account the exercise of due diligence. The Court concludes that the ends of justice served by a continuance outweigh the best interest of the public and the Defendants in a speedy trial. Based upon the finding of complexity, the court will exclude the period of time between July 24, 2012 and October 18, 2012 in order to allow defense counsel an opportunity to review and organize the large volume of discovery, to conduct the required investigation, and to effectively prepare pretrial motions.

IT IS HEREBY ORDERED that the motion to declare this case complex and exclude time pursuant to Speedy Trial Act filed by Defendants (Doc. # 112) is granted.

IT IS FURTHER ORDERED that the Motion for Joinder filed by Defendant Jose Angel Samaniego (ECF No. 126) is granted.

IT IS FURTHER ORDERED that a period of excludable delay from July 24, 2012 and October 18, 2012  is allowed pursuant to Section 3161(h)(7), in addition to any time

1  excludable pursuant to Section 3161(h)(1)(D).  A further hearing has been scheduled in this
2  matter for October 18, 2012 at 1:30 p.m.
3  DATED:  August 9, 2012

       *William Q. Hayes*
       **WILLIAM Q. HAYES**
       United States District Judge